IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
OXFORD DIVISION

**NICHOLAS MARTIN**                                                                                 **PLAINTIFF**

**NO. 3:19CV00075-JMV**

**COMMISSIONER OF SOCIAL SECURITY**                                    **DEFENDANT**

## **FINAL JUDGMENT**

This cause is before the Court on Plaintiff's complaint for judicial review of an unfavorable final decision of the Commissioner of the Social Security Administration denying claims for disability insurance benefits and supplemental security income benefits. The parties have consented to entry of final judgment by the United States Magistrate Judge under the provisions of 28 U.S.C. § 636(c), with any appeal to the Court of Appeals for the Fifth Circuit. The court, having reviewed the administrative record, the briefs of the parties, and the applicable law, and having heard oral argument, finds as follows:

Consistent with the Court's oral ruling during a hearing held July 8, 2020, the Court finds the Commissioner's decision is not supported by substantial evidence in the record. Specifically, the ALJ failed to give good reasons for rejecting the claimant's treating physician's January 2018 opinion that the claimant's "mental limitations require that he live with his parents and have daily supervision of his activities and ADL's." The ALJ also failed to address objective findings from a comprehensive March 2016 report of a psychological evaluation that indicated the following:

marginally serious problems. Based on both adaptive and problem behaviors, Mr. Martin received a service score of 67 which indicates a need for regular personal care and/or close supervision. Mrs. Martin served as informant for the *ICAP*.

Moreover, the record includes an extended history where the claimant cycled in and out of compliance with prescribed medication; comprehensive psychological testing performed in March 2016 indicates he had not mastered the skill of taking "medicine as directed"; and the consultative examiner opined the claimant's severe depressive symptoms were only in remission because of medication compliance. No attention was given to this evidence in the ALJ's decision. Consequently, the ALJ failed to fully and fairly develop the record on the issues of whether the claimant's noncompliance with medication was a symptom of his mental impairments and whether close supervision was required for him to be able to perform work activity in a competitive work environment.

On remand, the ALJ must reevaluate all the medical evidence as it relates to the issues of whether the evidence supports the claimant's need for close supervision; whether the claimant's noncompliance with medication was a symptom of his severe mental impairments; and what effects, if any, the claimant's need for close supervision and/or his periodic noncompliance with medication had on his ability to work on a regular and continuing basis. The ALJ may obtain either medical source statements from treaters or assessments from agency medical consultants (based on all the medical evidence in the file) on these issues. If necessary, the ALJ may also obtain supplemental vocational expert testimony on the issue of whether there is any work the claimant can perform in view of all his limitations and the relevant vocational factors. The ALJ may conduct any additional proceedings that are not inconsistent with this ruling.

**IT IS, THEREFORE, ORDERED AND ADJUDGED** that this case is **REVERSED and REMANDED for further proceedings.**

This, the 10th day of July, 2020.

/s/ Jane M. Virden
U. S. MAGISTRATE JUDGE